IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY SCOTT and VICTORIA SCOTT, § § | |
| Plaintiffs, § § | |
| V. § | CIVIL ACTION NO. H-13-3211 |
| § § § | |
| JPMORGAN CHASE BANK, N.A., § § § § § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendant JPMorgan Chase Bank, N.A.("JPMC" or "Defendant")'s Motion to Dismiss (Document No. 3), in which Defendant seeks dismissal of Plaintiffs Jerry Scott and Victoria Scott's Original Petition because all of Plaintiffs' claims are time-barred by Texas's four-year residual statute of limitations. Plaintiffs ("the Scotts" or "Plaintiffs") responded to the Motion. (Document No. 6). Defendant filed a Reply in Support of its Motion to Dismiss (Document No. 8), and a Supplemental Reply (Document No. 13).  Plaintiffs filed a Supplement to Response to Defendant's Motion to Dismiss (Document No. 16). Having considered the parties' submissions and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss (Document No. 3) be GRANTED and that Plaintiffs' Original Petition be dismissed with prejudice.

## I. Background and Procedural History

The Scotts own a home at 15511 Pilgrims Hall Drive, Friendswood, Texas 77546 (the Property). (Plaintiffs' Original Petition and Request for Disclosures, Attached at Exhibit A-3 to Defendant's Notice of Removal, Document No. 1, hereinafter, Original Petition, p. 3 ¶10). On or about September 14, 2007, the Scotts obtained a home equity loan from JPMC. (Original Petition, p. 3 ¶11). On September 16, 2013, the Scotts sent JPMC a letter contending that the issuance of the home equity loan violated several provisions of the Texas Constitution Art. XVI, § 50(a)(6). In particular, the Scotts state that the loan amount of $116,800.00 means that the home's value must have equaled or exceeded $146,000.00. The Scotts state that the County Appraisal District valued the home at $128,230.00 in 2007 and concludes that the loan, therefore, should not have exceeded $102,584.00. The Scotts state that permitting them to borrow $116,800.00 violated Section 50(a)(6)(B); that they never received notice that the loan was governed by Texas Constitution article XVI, § 50(a)(6), in violation of §50(a)(6)(M)(i); that they did not receive a copy of the final loan documents, in violation of Section 50(a)(6)(Q)(v); that they did not receive an acknowledgment of the three-day right to rescind document, in violation of Section 50(a)(6)(Q)(viii); and that they and the lender did not execute a notarized acknowledgment as to the fair-market value of the property on the date the extension of credit was made, in violation of Section 50(a)(6)(Q)(ix). (Original Petition, p. 3-4 ¶13 (1)-(5)). The Scotts requested that Defendant cure the alleged violations outlined in the Notice of Request to Cure within 60 days. (Original Petition, p. 3 ¶13). The Scotts allege that Defendant has not cured the alleged defects. (Original Petition, p. 7 ¶23). On October 23, 2013, the Scotts initiated suit in the 164th District Court of Harris County, Texas, Cause No. 2013-64250,

seeking to stop the scheduled home equity foreclosure of their property by Defendant because of the aforementioned alleged constitutional defects. On October 28, 3013, the case was transferred to the 152th District Court of Harris County. The Scotts seek a declaratory judgment that Defendant failed to cure the alleged Constitutional defects in the loan documents, that the mortgage lien is noncompliant with the Texas Constitution and therefore void, and that Defendant should forfeit all principal and interest on the Note. The Scotts also allege that Defendant breached the Deed of Trust by failing to cure its violations of the Texas Constitution within the 60 days period allowed by the Texas Constitution after the Scotts' September 16, 2013, request, and that Defendant unlawfully placed a cloud on their title by claiming a right to foreclose on the property. (Original Petition, pp. 5-6, ¶16-21). Plaintiffs also seek a permanent injunction preventing Defendant from entering and taking possession of the Property or otherwise interfering with Plaintiffs' right to the quiet enjoyment and use of the Property, proceeding with or attempting to sell or foreclose upon the Property, attempting to purchase, transfer, assign or collect on the Mortgage, and charging Plaintiffs' account for attorney's fees in connection with the action. Additionally, Plaintiffs seek attorney fees incurred in this action. (Original Petition, pp. 6-9, ¶22-32). On November 1, 2013, Defendant timely removed the case to this Court on the basis of diversity. (Document No. 1). Thereafter, on November 1, 2013, Defendant filed a Motion to Dismiss, arguing that Plaintiffs are not entitled to relief because all of their claims are time- barred. (Document No. 3).

## II. Standard of Review

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone*

3

*Props. Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). The standard for evaluating a Rule 12(c) motion is the same standard that is applied for evaluating a Rule 12(b)(6) motion. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). While a court must accept all of the Plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986)). "A statue of limitations may support dismissal under [Rule 12(c)] where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)("[A] claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.").

### III. Discussion

Defendant argues that the Scotts' claims are barred by Texas's residual four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.051 (West 2008)("Every action for which there is no express limitations period, except for an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."). Defendant relies on a decision by the Fifth Circuit Court of Appeals in *Priester v. J.P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir.), *cert. denied*, 134 S.Ct. 196 (Oct. 7, 2013), in which the Fifth Circuit held that the four-year statute of limitations period applies to constitutional violations under § 50(a)(6). Like the Scotts, the plaintiffs in *Priester* attempted to invalidate a home equity loan on the grounds that the loan was in violation of several provisions of § 50(a)(6). *Id.* at 671. The Priesters obtained a home equity loan in November 2005 but waited until July 2010 to send a letter to the mortgage

company outlining several constitutional deficiencies that allegedly occurred when they closed their home equity loan. *Id.* In October 2010, the Priesters sued various defendants in state court for declaratory judgment, arguing that under the Texas Constitution, the loan and accompanying lien on the property were "void ab initio"; that the defendants failed to cure the constitutional violations; and that, due to this failure to cure, the defendants were required to forfeit all principal and interest. *Id.* at 672. The Defendants removed the matter to federal court and moved to dismiss the action as time- barred under the four-year statute of limitations. The Fifth Circuit, applying Texas law, observed that, while the Texas Supreme Court had not addressed whether the residual-limitations period applied to defects in homestead liens, two Texas courts of appeals had considered the applicability of the residual-limitations period to defects in homestead liens, and both concluded the residual statute applied. *Id.* at 673-674. In addition, the Fifth Circuit cited other Texas cases applying the residual-limitations period to other types of state constitutional-related claims. *Id.* at 673. The Fifth Circuit further found it persuasive that the Texas Supreme Court had characterized liens created in violation of § 50(a)(6) as voidable rather than void. *Id.* In addition, it cited an earlier Fifth Circuit case in which the Court affirmed a judgment that the residual-limitations period applies to claims under Section 50(a)(6), and to numerous district and bankruptcy courts that likewise applied the four-year limitations period. *Id.* at 675. Based on the above, the Fifth Circuit held that a limitations period applies to constitutional infirmities under Section 50(a)(6). *Priester,* 708 F.3d at 673-674.

Next, the Fifth Circuit addressed the timing of when a claim accrues for purposes of § 50(a)(6). The Fifth Circuit wrote:

> Having determined that limitations applies, we must address when the claim accrues.

Generally, under Texas law, "[c]auses of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). This accrual rule is referred to as the "injury rule."

An alternative is the "discovery rule." "The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W. 3d 732, 734 (Tex. 2001). The discovery rule is a "very limited" exception and will be applied only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." Id. The Texas courts have set the "inherently undiscoverable" bar high, to the extent that the discovery rule will apply only where it is nearly impossible for the plaintiff to be aware of his injury at the time he is injured. *See S.V. v. R.V.*, 933 S.W.2d 1, 6-7 (Tex. 1996).

The Priesters argue that some version of the discovery rule, rather than the injury rule, should apply here. They contend that the period runs at the notice of demand for cure of the constitutional deficiencies or failure to cure.

The Texas courts that have addressed this issue have applied the injury rule rather than the discovery rule and have held that limitations begins to run at the closing of a lien. In Rivera, the court concluded that "the legal injury occurred when [the lender] made a loan" violating the Texas Constitution. *Rivera*, 262 S.W. 3d at 840. Similarly, the court in *Schanzle*, 2011 WL 832170, at *4, held that the period of limitations is "calculated from the date of closing on the loan."

The district court in *Boutari*, which this court upheld, adopted the finding and recommendation of the MJ that the "four-year limitation period [] commenced when the home equity loan in question closed." *Boutari*, 2010 U.S.Dist. Lexis 144094, at *27. The district courts have applied the injury rule rather than the discovery rule in every case in which they have applied limitations to Section 50(a)(6) violations.

We therefore conclude that the legal injury rule applies to the creation of unconstitutional liens. Insofar as the period of limitations exists to preserve evidence and create settled expectations, it would essentially be nullified by allowing parties to wait many years to demand cure. The injury occurred when the Priesters created the lien, and there was nothing that made the injury undiscoverable. The Priesters knew that the closing documents were signed in their living room and that they were not given notice of their rights. A lack of knowledge that that was a violation of the

6

law is insufficient to toll limitations. This is not one of the "rare" instances in which the discovery rule applies–the injury is certain to be "discovered within the prescribed limitations period."

*Id.* at 675-676. "*Priester's* holding applies to §50(a)(6) in its entirety." *Prutzman v. Wells Fargo, N.A.*, No. H-12-3265, 2013 WL 4063309 (S.D. Tex. Aug. 12, 2013); *See Ausmus v. Deutsche Bank Trust Co. Nat. Ass'n*, No. 3:13-CV-148, 2013 WL 3938515, at *3 (S.D.Tex. July 29, 2013) ("The language of *Priester* is broad enough to subject all alleged violations of section 50(a)(6)'s numerous subsections to the residual limitations period ... and there is no principled basis for distinguishing the various subsections for limitations purposes.")

Applying the Fifth Circuit's holding in *Priester*, Defendants argue that it is undisputed that Plaintiffs' lien was created on the date they closed on their home equity loan, September 14, 2007, and that the statute of limitations expired four years later, on or about September 14, 2011, and that Plaintiffs waited until October 23, 2013, to file their law suit. In addition, Defendant contends that applying the discovery rule to extend the limitations period, as Plaintiffs suggest, is contrary to *Priester's* clear holding. Defendant contends that the Plaintiffs had all the information they needed to discover the alleged constitutional violations when they signed their home-equity loan, and, therefore, this is not a situation where equitable tolling applies because there has been no showing that the Scotts had have been actively misled by Defendant about the facts giving rise to their claims. Finally, Defendant argues that Plaintiffs' claims for breach of the Deed of Trust and to quiet title are derivative claims based solely on their time-barred allegations, and should also be dismissed.

Plaintiffs argue that *Priester* was wrongly decided and should not be followed. Plaintiffs maintain that, had the Texas Supreme Court considered the same issue, it would have reached a different result, namely that loans that violate the Texas Constitution are *void ab initio*, not voidable.

Plaintiffs argue that the residual-limitations statute does not apply and instead the "recovery of real property" exception applies and their deed is void. Plaintiffs also argue that they could not have discovered Defendant's alleged misconduct any earlier than August 15, 2013, which was the date the Scotts' counsel performed an in-depth review of all documents relating to the Property and determined that the issuance of the home-equity loan violated several provisions of the Texas Constitution. (Original Petition, p. 9 ¶33). Plaintiffs further argue that the statute of limitations does not apply if §50(a)(6) is raised defensively, and that the accrual date is when the bank refused to cure the alleged defects.

The Magistrate Judge concludes the analysis and holding in *Priester* defeats the Scotts' claims. Notwithstanding the Scotts' arguments about *Priester*, the law is clear that decisions by the Fifth Circuit are binding precedent on this Court, and in the absence of subsequent Texas Supreme Court authority that directly contradicts the holding in *Priester*, *Priester* applies in the instant action. *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir. 1995); *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001)("This Court's interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders our prior decision clearly wrong."). The Fifth Circuit Court of Appeals recently re-affirmed its holding in *Priester*. In *Moran v. Ocwen Loan Servicing, L.L.C.*, ___Fed. Appx..___, 2014 WL 1193510 (5th Cir. Mar. 24, 2014), the Fifth Circuit wrote: "we have no occasion to revisit *Priester*," and denied the Morans' motion to certify questions to the Texas Supreme Court. *Id.* at *2. In *Moran*, the Morans, like the Scotts, argued that *Priester* was wrongly decided and was contrary to Texas law,

8

that the four-year residual statue of limitations does not apply if §50(a)(6) is raised defensively,[1] and that their cause of action accrued when the bank refused to cure the purported constitutional defects. Applying *Priester,* the Fifth Circuit rejected the Morans' arguments and affirmed the dismissal of the Morans' claims as time-barred. *Moran,* 2014 WL 1193510, at *2-3. Moreover, other federal and state courts considering challenges to *Priester* like the ones raised by the Scotts have found *Priester* controlling authority and have applied it to claims brought under §50(a)(6). *See Sigaran v. U.S. Bank Nat. Ass'n,* ___Fed.Appx.___, 2014 WL 1688345, *4 (5th Cir.Apr. 30, 2014); *Taylor v. U.S. Bank Nat. Ass'n,* Civ. No. H-13-3783, 2014 WL 1703936, *2-4 (S.D.Tex. Apr. 29, 2014): *Valladolid v. U.S. Bank Nat.* Ass'n, No. 3:13-CV-0965-K, 2014 WL 1303003 (N.D.Tex. Apr. 1, 2014); *McDonough v. JP Morgan Chase Bank, N.A.,* No. 3:12-CV-189, 2013 WL 1966930, at *2-3 (S.D.Tex. May 13, 2013)(applying *Priester* to plaintiffs' section 50(a)(6) claims and holding that the suit was barred by the four-year residual limitations period); *Underwood v. Wells Fargo Bank, N.A.,* No. 4:12-3437, 2013 WL 3788094 (S.D.Tex. July 18, 2013); *Skinner v. Wells Fargo Bank, N.A.* 4:13-2613, 2013 WL 5781244 (S.D.Tex. Oct. 25, 2013); *see also Williams v. Wachovia Mortgage Corp.,* 407 S.W.3d 391 (Tex.Ct. App.-Dallas 2013) *rev. denied* Feb. 14, 2014) (finding the Fifth Circuit's analysis in *Priester* "persuasive" and affirming trial court's grant of summary judgment in favor of lender on grounds that claims arising under §50(a)(6) of the Texas Constitution were barred

---

[1] Texas law provides that "[i]f a counter-claim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required." Tex. Civ.Prac. & Rem.Code Ann. §16.069; *See Sigaran v. U.S. Bank Nat. Ass'n,* 2014 WL 1688345 *4 (5th Cir. Apr. 30, 2014). In the instant action, the Scotts have not brought a counterclaim against Defendant. Rather, the Scotts have brought a separate action barred by the four-year statute of limitations. *Cf. First Bank of Roxton v. Shackles (In re Shackles),* No. 11-43075, 2013 WL 5348879, at *7-8 (Bankr.E.D.Tex. Sept. 23, 2013).

by the four-year statute of limitations).

The Complaint demonstrates that the Scotts' alleged constitutional violations and injury occurred on September 14, 2007, when they executed the Note and Deed of Trust. It was on this date that they knew (1) whether that the principal amount of the loan was greater than 80% of the home value as determined by the County Appraisal Office; (2) whether they received notice that the loan was governed by the Texas Constitution; (3) whether they received a copy of the final loan documents; (4) whether they received an acknowledgment of the three-day right to rescind document; and (5) whether they and the lender had executed an acknowledgment as to the fair-market value of the property on the date the extension of credit was made. Equitable tolling should not apply to suspend the running of limitations after accrual because, even though Plaintiffs may not have known the law when they entered into the home- equity loan, there is no evidence that they were not aware of all the facts or that they were prevented from suing within the statutory-limitations period due to inequitable circumstances. There is no evidence that Defendant actively misled them about the facts giving rise to their injury. The Scotts knew they were getting a home-equity loan and they could have reviewed Texas law on home-equity loans or sought legal counsel prior to signing. In conclusion, the Scotts' claims on these alleged constitutional violations were required to be filed within four years after the alleged injuries occurred on November 14, 2007. The four years expired on September 14, 2011 and the claims were barred after this date.

As for the Scotts' claim for breach of the Deed of Trust based on Defendant's failure to cure the alleged constitutional violations set forth in the September 16, 2013, Notice of Request to Cure, and their claim seeking to quiet title, the Magistrate Judge concludes that Plaintiffs are not entitled to relief since both allegations are premised on their time-barred claims for alleged constitutional

violations. *See Nunez v. CitiMortgage, Inc.*, No. A-14-CA-89-SS, 2014 WL 819463, at *3 (W.D.Tex. Mar. 3, 2014); *Skinner,* 2013 WL 5781244, at *3; *Underwood,* 2013 WL 3788094, at *2. As noted in *Priester*, "to the extent that a constitutional claim under Section 50(a)(6) renders a lien voidable rather than void, once the period of limitations has passed, the lien is no longer voidable and is valid ... . the lien becomes valid after the period of limitations passes, so the harm is, in effect, erased." *Priester*, 708 F.3d at 678. Thus, when the Scotts sent Defendant the Notice to Cure the Scotts' constitutional claims were already "in effect, erased," and therefore Defendant had no obligation under the Constitution or derivatively, under the Deed of Trust, to effect a "cure."

The Scotts' breach- of- contract claim is also barred by §16.051's four-year statute of limitations. *See Phelps v. U.S. Bank Natl. Ass'n,* No. 2:13-CV-361, 2014 WL 991803, at *4 (S.D.Tex. Mar. 13, 2014) (holding that the residual four-year statute of limitations of §16.051 applies to breach- of- contract claims under Texas law and dismissing with prejudice breach- of- contract claim that was filed nearly one-year after four-year statute of limitations expired). As for the Scotts' argument that their cause of action accrued when they mailed the notice of the constitutional violations to Defendant and that Defendant failed to cure, as required by the Texas Constitution, *Priester* instructs that even under a contract "'[w]here a demand is a condition precedent to suit, the plaintiff may not, by failing or refusing to perform the condition, toll the running of the statute and reserve for [herself] the right to sue within the statutory period from such time as [she] decides to make a demand.'" *Priester*, 708 F.3d at 676 n. 6 (quoting *Aetna Cas. & Sur. Co. v. State*, 86 S.W.2d 826, 831 (Tex.Civ.App.-Fort Worth 1935, writ dism'd)). Rather, "it is the general rule that in such a case a demand must be made within a reasonable time after it may be lawfully made.'" *Id.* (quoting *Aetna*, 86 S.W.2d at 831). With respect to measuring the reasonable time, *Priester* instructs

11

that the reasonable time period relates to the statute of limitations. *Id.* As such, the Scotts' purported breach-of-contract occurred at the loan's closing, more than six years before the Scotts filed their Original Petition. *See Phelps*, 2014 WL 991803, at *4 ("With respect to breach-of-contract, the cause of action accrues at the time of the breach."). Similarly, because Defendant had a valid lien on the Property, its initiation of foreclosure proceedings did not unlawfully place a cloud on the Scotts' title. *See Applin v. Deutsche Bank Nat. Trust*, No. H-13-2831, 2014 WL 1024006 (S.D.Tex. Mar. 17, 2014)(applying *Priester* and dismissing quiet-title claim as time-barred).

As for the Scotts' request for injunctive relief, the law is clear that injunctive relief is an equitable remedy, not a cause of action, and a claim for such relief should be dismissed when no substantive legal claims are pled. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *9 (S.D.Tex. Jan. 24, 2013)(citations omitted); *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D.Tex. Sept. 1, 2011)(where plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits warranting injunctive relief). Because the Scotts' underlying claims should be dismissed, their request for injunctive relief should be denied.

In conclusion, applying the Fifth Circuit's decision in *Priester* to the facts alleged in the Original Petition, the Scotts' claims relating to alleged violations of Article XVI, Section 50(a)(6) of the Texas Constitution are subject to, and barred by, Texas's residual four-year limitations period. Defendant's motion to dismiss should be granted, and the Scotts' claims should be dismissed with prejudice and without leave to amend because amendment would be futile.

## V. Conclusion

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that

Defendant's Motion to Dismiss (Document No. 4) be GRANTED and that Plaintiffs' claims be dismissed with prejudice and without leave to amend.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Serv. Auto Assn*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 24th day of July, 2014

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE