UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY SCOTT, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3211 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced foreclosure action are (1) the Motion to Dismiss filed by Defendant JP Morgan Chase Bank, N.A. (Doc. 3) and (2) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation ("M&R"), filed July 24, 2014, that Defendant's motion be granted and that Plaintiffs' original petition be dismissed with prejudice (Doc. 12). Plaintiffs Jerry and Victoria Scott have not filed any objections to the M&R. They did, however, file a Notice of Dismissal (Doc. 18) on August 7, 2014.

Plaintiffs' Notice of Dismissal contends that a defendant may be voluntarily dismissed by a plaintiff upon the filing of a Notice of Dismissal if the defendant has not yet answered or filed a motion for summary judgment. FED. R. CIV. P. 41(a)(1). While 41(a)(1) does so state, a plaintiff's voluntary dismissal should not be granted if "'the non-moving party would suffer some plan legal prejudice.'" *Harris v. Devon Energy Prod. Co., LP*, 500 F. App'x 267, 268 (5th Cir. 2012) (quoting *Elboar v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case." *Id.* Here, Defendant filed its motion to dismiss on November 1, 2013, and the Magistrate Judge issued an M&R recommending dismissal of the case with prejudice based on the statute of limitations. Thus, the

Court finds that Defendant would be legally prejudiced at this stage by a voluntary dismissal of this action without prejudice, as sought by Plaintiffs' Notice.

## I.      Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to submit proposed findings of facts and recommendations for the disposition of a motion to dismiss.  Within fourteen days after being served with a copy of a magistrate judge's findings and recommendation, any party may serve and file written objections to such proposed findings and recommendation.  *Id.* § 636(b)(1)(C).  Where no timely objections are filed, the district court reviews for plain error.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert denied*, 492 U.S. 918 (1989).  Failure to file timely objections bars the aggrieved party from attacking factual findings on appeal, and, absent plain error, from attacking conclusions of law on appeal.  *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

## II.     Discussion

The Court agrees with the Magistrate Judge that as a matter of law the four-year residual statute of limitations under Texas Civil Practice and Remedies Code § 16.051 bars Plaintiffs' claims that their home equity loan violated several provisions of the Texas Constitution Art. XVI, § 50(a)(6) under the Fifth Circuit's decision in *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 6667, 674 (5th Cir.), *cert. denied*, 134 S. Ct. 196 (2013) and progeny.  The Court also agrees with the Magistrate Judge's conclusion that Plaintiffs' breach of contract claim under the Deed of Trust is also barred by § 16.051's residual four-year statute of limitations.  *Phelps v. U.S. Bank Nat'l Ass'n*, Civ. A. No. 2:13-cv-361, 2014 WL 991803, at *4.  Therefore, the Court

concludes that the M&R is well founded and adopts it in full with the singular modification that the appropriate standard of review is Rule 12(b)(6), not 12(c), as stated in the M&R. Because the standard of review for evaluating a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion,[1] this modification does not change the analysis or the outcome.

Accordingly, it is hereby

**ORDERED** that Defendant J.P. Morgan Chase, N.A.'s Motion to Dismiss (Doc. 3) is **GRANTED** and all of Plaintiffs Jerry and Victoria Scott's claims against Defendant are **DISMISSED** pursuant to FED. R. CIV. P.12(b)(6).

Final judgment will be entered by separate document.

SIGNED at Houston, Texas, this 19th day of August, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., Bryant v. Military Dept. of Miss.*, 597 F.3d 678, 684 n.2 (5th Cir. 2010).